UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD BYRD,

     Plaintiff,                    Case No. 2:25-cv-10889
                                     District Judge Robert J. White
v.                              Magistrate Judge Kimberly G. Altman

C/O TREFRY,

     Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (ECF No. 17)[1]

### I.      Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Gerald Byrd, proceeding *pro se*, is suing Corrections Officer Trefry for First Amendment retaliation and intentional infliction of emotional distress (IIED). (ECF No. 1). On July 14, 2025, the matter was referred to the undersigned for all pretrial proceedings. (ECF No. 13).

Before the Court is Trefry's motion for summary judgment on the grounds that Byrd has failed to exhaust his administrative remedies. (ECF No. 17). Byrd

---

[1] Upon review of the parties' papers, the undersigned deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

has not filed a response to the motion and the time for doing so has passed. Nevertheless, the Court has reviewed the motion and finds it to be well-taken. Accordingly, for the reasons that follow, the undersigned RECOMMENDS that the motion be GRANTED, and the case be closed.

## II.    Background

Byrd filed his complaint in March 2025.  (ECF No. 1).  In it, he broadly alleged that after a June 17, 2024 visit with his mother at the Gus Harrison Correctional Facility (ARF), where he is housed, he was waiting to be strip searched but had to urinate badly.  (*Id.*, PageID.2).  Byrd informed Corrections Officer Trefry of his "bathroom emergency" multiple times, but Trefry would not let Byrd use the restroom before being searched.  Byrd was searched, but did not make it to the bathroom in time and urinated in his clothing.  (*Id.*, PageID.2-3).

Byrd allegedly informed Trefry that he would be filing a grievance regarding the situation, to which Trefry responded "well you got a ticket coming for pissing yourself then." (*Id.*, PageID.3).  Trefry subsequently issued a misconduct ticket to Byrd for that reason, and Byrd was found guilty.  The decision was upheld on appeal.  (*Id.*).  Byrd alleges that Trefry's actions inflicted severe emotional distress and that the misconduct ticket issued by Trefry was unconstitutional retaliation for Byrd expressing his intention to file a grievance, which is a First Amendment right. (*Id.*, PageID.3-6).

In April 2025, the case was stayed and referred to the *Pro Se* Early

Mediation Program.  (ECF No. 7).  The stay was lifted on June 10, 2025, (ECF No.

11) without resolution, and the case was referred to the undersigned on July 14

(ECF No. 13).  Trefry filed a waiver of service on July 16, and a motion for

summary judgment on the basis of exhaustion on August 22.  (ECF Nos. 14, 16).

Byrd was ordered to respond to Trefry's motion by September 22, 2025.  To date,

he has not filed a response.

### III.    Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome of the case under governing

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views

the evidence, all facts, and any inferences that may be drawn from the facts in the

light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley

Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2)

(providing that if a party "fails to properly address another party's assertion of

fact," the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Byrd is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

Regarding Byrd's failure to respond to the motion for summary judgment, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380-381 (6th Cir. 2011) (quoting *Carver v. Bunch*, 946 F.2d 451, 454-5 (6th Cir. 1991)) ("[A] district court

4

cannot grant summary judgment in favor of a movant simply because the adverse party has not responded.  The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.").  That said, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record."  *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).  "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact."  *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000) (table).

IV.    Exhaustion of Administrative Remedies

A.    Standard

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)."  Woodford, 548 U.S. at 90 (internal citations omitted).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful

administrative record.  *Jones v. Bock*, 549 U.S. 199, 204.  The PLRA does not

detail what "proper exhaustion" entails because "it is the prison's requirements,

and not the PLRA, that define the boundaries of proper exhaustion."  *Id*. at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the

defendant has the burden to plead and prove by a preponderance of the evidence."

*Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a

motion alleging failure to exhaust "must offer competent and specific evidence

showing that he indeed exhausted his remedies, or was otherwise excused from

doing so."  *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich.

Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D.

Mich. Mar. 18, 2015).  Dismissing a complaint because of a failure to exhaust

administrative remedies is not on the merits and thus requires dismissal without

prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

    Although the Supreme Court in *Jones* held that exhaustion is an affirmative

defense, it explained that an affirmative defense may form the basis of a Rule

12(b)(6) dismissal when "the allegations in the complaint suffice to establish that

ground."  549 U.S. at 214–15.  As one court in this district explained:

> Although the failure to properly exhaust administrative remedies is an
> affirmative defense, because the affirmative defense appears on the face
> of the complaint, the complaint is subject to dismissal for failure to state
> a claim upon which relief can be granted.

*Spaulding v. Oakland Cnty. Jail Med. Staff*, No. 4:07-cv-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. Oct. 27, 1999) ("While we recognize that plaintiff made some attempts to go through the prison's grievance procedures, we must dismiss plaintiff's complaint because he filed his federal complaint before allowing the administrative process to be completed."); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 774 (E.D. Mich. 2009) (finding that the complaint allegations "fail to state a claim because it is obvious on their face that they are unexhausted"); *Bonga v. Abdellatif*, No. 2:16-cv-13685, 2017 WL 6276194, at *3 (E.D. Mich. Dec. 11, 2017) ("It being obvious from the face of [the complaint allegations] that [Plaintiff's] claims . . . have yet to be exhausted as required by 42 U.S.C. § 1997e(a), . . . Plaintiff has failed to state a claim upon which relief may be granted.") (cleaned up), *adopted*, 2018 WL 1312403 (E.D. Mich. Mar. 14, 2018).

The MDOC has established a three-step process to review and resolve prisoner grievances. "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010). As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at

94.  To be sufficient, a grievance need not "allege a specific legal theory or facts

that correspond to all the required elements of a particular legal theory."  *Burton v.*

*Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles*

*by Jones v. Bock*, 549 U.S. 199 (2007).  Nonetheless, the grievance must give "fair

notice of the alleged mistreatment or misconduct that forms the basis of the

constitutional or statutory claim made against a defendant in a prisoner's

complaint."  *Id.*  "The grievance process is exhausted once the final response is

issued in Step III."  *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2

(E.D. Mich. June 1, 2022).

### B.    Application

Trefry has attached Byrd's Step III Grievance Report to his motion.  The

report includes all grievances filed by Byrd while incarcerated as of April 15,

2025, that were either denied or rejected through the final step of the grievance

process.  (ECF No. 17-3).  Although the report documents many grievances filed

by Byrd, only one grievance, ARF-24-06-0579-27B, was filed at ARF during the

relevant time.  This grievance, filed on June 18, 2024, documents the alleged

events of the previous day, describing Byrd's inability to hold his urine while

Trefry refused to allow Byrd to use the restroom before his strip search.  (ECF No.

17-3, PageID.93-94).  The grievance was rejected at all steps as improperly

grieving the content of a policy or procedure.  (*Id.*, PageID.90-95).  Notably, the

grievance did not reference the retaliatory misconduct ticket that Byrd says Trefry issued him for his intent to file a grievance on the restroom issue.

Trefry argues that Byrd's retaliation claim was not exhausted and that the Court should decline to exercise supplemental jurisdiction over Byrd's state-law claim.  Regarding the retaliation claim, the relevant MDOC Policy Directive, effective September 25, 2023, states that if an inmate "wishes to pursue a claim that retaliation is the basis for a Class I misconduct, they must file a grievance on the sole issue of retaliation and it shall not be rejected as a grievance on the hearing decision."  (ECF No. 17-2, PageID.76).

Courts have recognized that prior to September 25, 2023, inmates alleging that a misconduct ticket was retaliatory had to exhaust those claims at the misconduct hearing itself.  *See, e.g.*, *Reeves v. Florek*, No. 4:24-CV-11653, 2025 WL 2947016, at *5 (E.D. Mich. Apr. 4, 2025), *report and recommendation adopted*, 2025 WL 2780144 (E.D. Mich. Sept. 30, 2025).  After the update to MDOC Policy Directive 03.02.130, the process changed, now requiring exhaustion of such claims through the normal grievance procedure.  *Id.*; *Tillie v. Tighe*, No. 1:23-CV-1295, 2025 WL 2336461, at *3 (W.D. Mich. June 5, 2025).  As such, Byrd's claim arising in June 2024 could only be exhausted if he pursued a grievance through Step III on the specific issue of retaliation.  MDOC 03.02.130 ¶¶ P.9 and 11 (ECF No. 17-2, PageID.76).

Here, the record is clear that Byrd did not grieve the retaliatory misconduct ticket and thus has not exhausted his administrative remedies as to that claim.  His retaliation claim, which is his only claim under federal law, should therefore be dismissed without prejudice.

V.    Supplemental Jurisdiction Over State-Law Claim

As to Byrd's state-law claim of IIED, Trefry suggests that the Court should decline to exercise supplemental jurisdiction.  The undersigned agrees.  The complaint asserted federal claims over which this court has jurisdiction under 28 U.S.C. § 1331, which provides that, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  However, "[w]hen a federal district court has original jurisdiction over a civil cause of action, § 1367 determines whether it may exercise supplemental jurisdiction over other claims that do not independently come within its jurisdiction, but that form part of the same Article III 'case or controversy.'" *Jinks v. Richland Cnty., S.C.*, 538 U.S. 456, 458 (2003).  Section 1367(a) provides, in pertinent part, that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10

28 U.S.C. § 1367(a).  And subsection (c) provides:

The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, as explained above, the undersigned recommends dismissing Byrd's federal claim without prejudice for lack of exhaustion.  If the undersigned's recommendation is adopted and the federal law claims are dismissed, there must be "unusual circumstances" present to warrant the Court exercising jurisdiction over the remaining state law claim.  *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255-57 (6th Cir. 1996).  " '[U]nusual circumstances' must include 'some prejudice arising from relegating the case for trial in the state court.' "  *Id.* at 1255 (quoting *Nolan v. Meyer*, 520 F.2d 1276, 1280 (2d Cir. 1975)).   Indeed, it has long been the law that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."  *Id.* at

11

1254-55.

Here, no unusual circumstances exist.  Byrd failed to exhaust his administrative remedies as to his federal claim, and the balance of considerations point in favor of his IIED claim being adjudicated in state court if Byrd wishes to refile.  Contributing to this conclusion is the fact that Byrd has failed to respond to Trefry's motion in federal court.  Therefore, the most prudent course of action would be to decline to exercise supplemental jurisdiction over Byrd's IIED claim.

## VI.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS Trefry's motion for summary judgment (ECF No. 17) be GRANTED and that Byrd's claims be DISMISSED WITHOUT PREJUDICE.  If this recommendation is adopted, the case would be closed.

Dated: November 14, 2025                    s/Kimberly G. Altman
Detroit, Michigan                           KIMBERLY G. ALTMAN
                                            United States Magistrate Judge

## <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health &*

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 14, 2025.

s/Dru Jennings   
DRU JENNINGS
Case Manager
